# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICKY WYNN, JR.,**
**D.O.C. # Q18241**

    **Plaintiff,**

**VS.**                                **Case No. 4:22cv443-WS-MAF**

**SERGEANT PARRISH,**
**OFFICER HAMPTON,**
**and CAPTAIN WASHINGTON,,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

    Pro se Plaintiff Ricky Wynn, Jr., initiated this case on December 12, 2022, by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion was denied because his Trust Fund Account Statement revealed that he had sufficient funds with which to pay the $350.00 filing fee if he desired to proceed with this case. ECF No. 4. Plaintiff was given until **January 20, 2023**, in which to pay the fee or, alternatively, file a notice of voluntary dismissal under Federal Rule of Civil

Procedure 41(a) should he no longer desire to continue this litigation. *Id.* As of this date, Plaintiff has not done either.

On January 20, 2023, Plaintiff filed a notice which clarified that he was suing the Defendants in both their official and individual capacities. ECF No. 5. Plaintiff did not address the filing fee. Notably, Plaintiff was warned that a recommendation would be made to dismiss this case if he did not comply with that Order. ECF No. 4. Despite filing the notice, ECF No. 5, it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here, Plaintiff was forewarned and did not comply with a Court Order.  Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.